IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| KENT BELL, #451565, | * |
| Plaintiff, | * |
| v. | *     Civil Action No. GLR-17-2719 |
| DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONAL SERVICES,[1] et al., | * * |
| Defendants. | * |

\*\*\*\*\*

# MEMORANDUM OPINION

THIS MATTER is before the Court on Defendant Department of Public Safety and Correctional Services' ("DPSCS") Motion to Dismiss (ECF No. 17) and Defendants Erwin Aldana, M.D. and Jonathan Thompson, M.D.'s, (collectively, "the Medical Defendants") Motion to Dismiss or, in the Alternative, Motion for Summary Judgment (ECF No. 19). Also pending before the Court is the Medical Defendants' Motion to Strike Surreply (ECF No. 23) and Plaintiff Kent Bell's "Motion for Court to [Accept] Surreply" (ECF No. 24). The Motions are ripe for disposition, and no hearing is necessary. See Local Rule 105.6 (D.Md. 2016). For the reasons outlined below, the Court will grant DPSCS's and the Medical Defendants' Motions to Dismiss. The Court will deny as moot the Medical Defendants' Motion to Strike and Bell's Motion.

---

[1] Defendant Department of Public Safety and Correctional Services is listed as "Department of Public Safety and Correctional Service" on the docket. Defendants Erwin Aldana, M.D. and Jonathan Thompson, M.D. are listed as "Dr. Aldana" and "MD, Jonathan" respectively. Accordingly, the Court will direct the Clerk to amend the docket to reflect Department of Public Safety and Correctional Services', Dr. Aldana's, and Dr. Thompson's proper names.

# I.  BACKGROUND[2]

Bell is incarcerated at the Maryland Correctional Training Center ("MCTC") in Hagerstown, Maryland. (Am. Compl. at 1, ECF No. 5).[3] Bell alleges that he was denied his diabetes medication, metformin (Glucophage), for sixty-two days from February 2, 2017 to April 1, 2017. (Id. at 2). This, he pleads, had a "direct effect" on his eyes, kidneys and nerves." (Compl. at 2, ECF No. 1). Bell states that he filed eleven or twelve sick call slips "to no avail." (Am. Compl. at 2). Bell also alleges that he wrote a letter on an unspecified date to Dr. Thompson and to RN Pitsnagel at MCTC, but he does not specify what he said in the letter. (Id.). Bell pleads that he filed Administrative Remedy Procedure ("ARP") requests to Warden Dovey on March 2, 2017 and March 9, 2017. (Id.).

On September 11, 2017, Bell filed this action against the DPSCS and MCTC Medical Staff. (ECF No. 1). On September 22, 2017, the Court directed Bell to supplement the Complaint to include the names of the individuals whom he claims are responsible for the alleged wrongdoing, the dates of the alleged incidents, and the facts supporting his claim. (Sept. 22, 2017 Order at 1, ECF No. 4). Bell filed an Amended Complaint on October 6, 2017, which added Dr. Aldana, Dr. Thompson, and "RN Pitsnagel."[4] (Am. Compl. at 1–2). The Court construes Bell's Amended Complaint as

---

[2] Unless otherwise noted, the Court takes the following facts from Bell's Amended Complaint and accepts them as true. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citations omitted).

[3] Citations to the Complaint and the Amended Complaint refer to the pagination that the Court's Case Management and Electronic Court Filing system assigned them.

[4] Service was attempted but not obtained on Defendant Pitsnagel. Wexford

bringing two counts: (1) violations of the Eighth Amendment of the United States Constitution for deliberate indifference to serious medical needs; and (2) medical malpractice. (See Am. Compl.). Bell seeks compensatory damages "for pain and suffering as relief for malpractice." (Id. at 3).

On January 12, 2018, DPSCS filed a Motion to Dismiss. (ECF No. 17). Bell filed an Opposition to DPSCS's Motion on January 24, 2018.[5] (ECF No. 21). To date, the Court has no record that DPSCS filed a Reply.

On January 18, 2018, the Medical Defendants filed a Motion to Dismiss or, in the Alternative, Motion for Summary Judgment. (ECF No. 19). Bell filed an Opposition to the Medical Defendants' Motion on January 31, 2018.[6] (ECF No. 22). To date, the Court has no record that the Medical Defendants filed a Reply.

On February 2, 2018, the Medical Defendants filed a Motion to Strike Bell's Opposition. (ECF No. 23). Bell has filed a Motion styled as a "Motion for Court to [Accept] Surreply" on February 14, 2018. (ECF No. 24).[7] Neither Motion is opposed.

---

Health Sources, Inc., the private medical contractor that provides health care to inmates at MCTC, was unable to identify this individual. (Mot. Strike Surreply at 1 n.1, ECF No. 23). Because Pitsnagel was not served and the Court will grant Defendants' Motions to Dismiss, the Court will dismiss Pitsnagel.

[5] Bell's Opposition to DPSCS's Motion is titled "Plaintiff's Motion Not to Dismiss." (Pl.'s Opp' DPSCS's Mot. Dismiss at 1, ECF No. 21).

[6] Bell's Opposition to the Medical Defendants' Motion is titled "The Medical Defendants Motion to Dismiss Should Be Dismissed, or in the Alternative, Grant Motion for Irreparable Injury Summary Judgment." (Pl.'s Opp'n Med. Defs.' Mot. Dismiss Summ. J. at 1, ECF No. 22).

[7] On August 21, 2018, Bell filed a letter raising new claims, which the Court construes as a supplement to the Amended Complaint. (ECF No. 26). Specifically, Bell alleges that he has a knot on the left side of his head, he is being denied medical care for the knot, and this denial is in retaliation for his filing of the present civil action. (Suppl.,

3

## II. DISCUSSION

### A. The Medical Defendants' Motion to Strike and Bell's "Motion to [Accept] Surreply"

The Medical Defendants assert that Bell filed an opposition to their dispositive motion on January 24, 2018, and then filed a surreply on January 31, 2018. (Mot. Strike Surreply at 1–2, ECF No. 23). Under Local Rule 105.2 (D.Md. 2016), surreply memoranda are not permitted unless ordered by the Court. A surreply may be permitted "when the moving party would be unable to contest the matters presented to the court for the first time in the opposing party's reply." Khoury v. Meserve, 268 F. Supp.2d 600, 605 (D.Md. 2003) (citing Lewis v. Rumsfeld, 154 F.Supp.2d 56, 61 (D.D.C. 2001)). The Medical Defendants assert they did not file a reply and raise new arguments. (Mot. Strike at 2). A careful reading of Bell's filings, however, shows that his first Opposition, (ECF No. 21), was filed in response to DPSCS's Motion. The second Opposition, (ECF No. 22), listed on the docket as a "Reply" is an Opposition to the Medical Defendants' Motion to Dismiss or, in the Alternative, Motion for Summary Judgment. Bell's "Motion to [Accept] Surreply" also suggests that Bell intended that the filings to respond to DPSCS's and the Medical Defendants' Motions separately. (Mot. Leave File Surreply at 1, ECF No. 24). The Court will, therefore, direct the Clerk to correct the docket to reflect

---

ECF No. 26). Under Federal Rule of Civil Procedure 15(d), "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading." Here, Bell did not file a motion, nor did he give reasonable notice. Bell filed his letter more than six months after Defendants' Motions were fully briefed. In short, Bell may not introduce new claims at this eleventh hour of the proceedings. He may, however, file a separate case to present his new allegations. Accordingly, the Court will direct the Clerk to send him a prisoner civil rights information and forms packet to assist him should he wish to pursue a new action.

that ECF No. 21 is a Response in Opposition to DPSCS's Motion to Dismiss, (ECF No. 17), and that Bell's Reply, docketed at ECF No. 22, is a Response in Opposition to the Medical Defendants' Motion to Dismiss or, in the Alternative, Motion for Summary Judgment, (ECF No. 19). Accordingly, having determined that Bell did not file a surreply, the Court will deny as moot the Motion to Strike and the "Motion to [Accept] Surreply."

**B.     Defendants' Motions**

    **1.     Conversion of the Medical Defendants' Motion**

The Medical Defendants style their Motion as a motion to dismiss under Rule 12(b)(6) or, in the alternative, for summary judgment under Rule 56. A motion styled in this manner implicates the Court's discretion under Rule 12(d). See Kensington Volunteer Fire Dep't., Inc. v. Montgomery Cty., 788 F.Supp.2d 431, 436–37 (D.Md. 2011), aff'd, 684 F.3d 462 (4th Cir. 2012). This Rule provides that when "matters outside the pleadings are presented to and not excluded by the court, the [Rule 12(b)(6)] motion must be treated as one for summary judgment under Rule 56." Fed.R.Civ.P. 12(d). The Court "has 'complete discretion to determine whether or not to accept the submission of any material beyond the pleadings that is offered in conjunction with a Rule 12(b)(6) motion and rely on it, thereby converting the motion, or to reject it or simply not consider it.'" Wells-Bey v. Kopp, No. ELH-12-2319, 2013 WL 1700927, at *5 (D.Md. Apr. 16, 2013) (quoting 5C Wright & Miller, Federal Practice & Procedure § 1366, at 159 (3d ed. 2004, 2012 Supp.)).

Here, the Court does not consider materials outside of the pleadings that the Medical Defendants submitted. Further, because the Medical Defendants do not provide a declaration attesting to the authenticity of the medical records filed with their Motion, the Court cannot consider them. See Fed.R.Civ.P. 56(c)(2) (A party must be able to present the materials it cites in "a form that would be admissible in evidence."). Accordingly, the Court declines to convert the Medical Defendants' Motion into one for summary judgment.

### 2.     12(b)(6) Standard of Review

"The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint," not to "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016) (quoting Edwards v. City of Goldsboro, 178 F.3d 231, 243–44 (4th Cir. 1999)).  A complaint fails to state a claim if it does not contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed.R.Civ.P. 8(a)(2), or does not "state a claim to relief that is plausible on its face," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555). Though the plaintiff is not required to forecast evidence to prove the elements of the claim, the complaint must allege sufficient facts to establish each element. Goss v. Bank of Am.,

6

N.A., 917 F.Supp.2d 445, 449 (D.Md. 2013) (quoting Walters v. McMahen, 684 F.3d 435, 439 (4th Cir. 2012)), aff'd sub nom., Goss v. Bank of Am., NA, 546 F.App'x 165 (4th Cir. 2013).

In considering a Rule 12(b)(6) motion, a court must examine the complaint as a whole, consider the factual allegations in the complaint as true, and construe the factual allegations in the light most favorable to the plaintiff. Albright v. Oliver, 510 U.S. 266, 268 (1994); Lambeth v. Bd. of Comm'rs of Davidson Cty., 407 F.3d 266, 268 (4th Cir. 2005) (citing Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)). But, the court need not accept unsupported or conclusory factual allegations devoid of any reference to actual events, United Black Firefighters v. Hirst, 604 F.2d 844, 847 (4th Cir. 1979), or legal conclusions couched as factual allegations, Iqbal, 556 U.S. at 678.

Pro se pleadings are liberally construed and held to a less stringent standard than pleadings drafted by lawyers. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)); accord Brown v. N.C. Dep't of Corr., 612 F.3d 720, 722 (4th Cir. 2010). Pro se complaints are entitled to special care to determine whether any possible set of facts would entitle the plaintiff to relief. Hughes v. Rowe, 449 U.S. 5, 9–10 (1980). But even a pro se complaint must be dismissed if it does not allege "a plausible claim for relief." Forquer v. Schlee, No. RDB-12-969, 2012 WL 6087491, at *3 (D.Md. Dec.4, 2012) (citation omitted).

### 3. Analysis

#### a. DPSCS's Motion

DPSCS moves under Rule 12(b)(6) to dismiss Bell's claims against it and the "MCTC Medical Staff" for failure to state a claim upon which relief can be granted. DPSCS principally contends that it is entitled to Eleventh Amendment immunity and that Bell fails to allege any facts against it or specific MCTC Medical Staff. In Opposition, Bell merely states that he "has and will state a claim [upon] which relief should be granted" for "medical malpractice" and "respondeat superior." (Pl.'s Opp'n DPSCS's Mot., ECF No. 21). The Court agrees with DPSCS.

The Eleventh Amendment to the United States Constitution provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State." U.S. Const. amend. XI. Notwithstanding the Eleventh Amendment's explicit mention of only "Citizens of another State," id., the Supreme Court of the United States has construed the Eleventh Amendment as also protecting states from federal court suits brought by the state's own citizens. Lee-Thomas v. Prince George's Cty. Pub. Sch., 666 F.3d 244, 248 (4th Cir. 2012) (quoting Port Auth. Trans–Hudson Corp. v. Feeney, 495 U.S. 299, 304 (1990)). This immunity, however, is not absolute, as Congress and state legislatures may waive it. Id. at 249. The State of Maryland has waived its sovereign immunity for certain types of cases brought in state courts. See Md. Code Ann., State Gov't., § 12–201 (West 2018). It has not, however, waived its immunity under the Eleventh Amendment to a suit of this kind.

The States' immunity extends to "state agents and instrumentalities." Lee-Thomas, 666 F.3d at 248 (quoting Regents of the Univ. of Cal. v. Doe, 519 U.S. 425, 429 (1997)). DPSCS is a state agency. See Md. Code. Ann., Corr. Servs. § 1-101(f) (West 2018). Because DPSCS is "an arm of the state for purposes of § 1983," it is "immune from a suit under § 1983." Clark v. Md. Dep't of Pub. Safety & Corr. Servs., 316 F.App'x 279, 282 (4th Cir. 2009). Here, Bell brings suit against DPSCS. But the Eleventh Amendment provides DPSCS immunity from suit under § 1983. The Court, therefore, concludes that Bell fails to state a claim against DPSCS as a matter of law.

With regard to Defendant "MCTC Medical Staff," this Defendant is not a "person" amenable to suit under § 1983. The term "staff" or the equivalent as a name for alleged defendants, without the naming specific staff members, is insufficient to state a claim against a "person" in a § 1983 action. See Gottlieb v. Balt. Cty. Detention Ctr., RDB-16-51, 2016 WL 6072348, at *1 n.1 (D.Md. Oct. 13, 2016); Harris v. Balt. City Detention Ctr., PWG-14-217, 2014 WL 994377, at *1–2 (D.Md. March 13, 2014) (quoting Brownlee v. Williams, No. 2:07–0078 DCN RSC, 2007 WL 904800, at *2 (D.S.C. Mar. 22, 2007)). The Court, therefore, concludes that Bell fails to state a § 1983 claim against "MCTC Medical Staff."

In sum, Bell fails to state § 1983 claims against DPSCS and MTCT Medical Staff. Accordingly, the Court will grant DPSCS's Motion.

### b. The Medical Defendants' Motion

The Medical Defendants argue the Complaint fails to state a cognizable claim for deliberate indifference to serious medical needs. Specifically, the Medical Defendants

9

principally contend that Bell does not allege that they personally participated in the purported violations of Bell's constitutional rights. The Court agrees.

To proceed under § 1983, a plaintiff must allege a violation of a federal constitutional right or a right secured by federal law. Baker v. McCollan, 443 U.S. 137, 140 (1979). Liability under § 1983 attaches only upon personal participation by a defendant in the constitutional violation. Trulock v. Freeh, 275 F.3d 391, 402 (4th Cir. 2001). Apart from naming Dr. Aldana and Dr. Thompson as Defendants in the Amended Complaint, Bell does not attribute any specific action or inaction to them. Bell alleges that he wrote a letter to Thompson, but fails to state the content of his letter or the date it was sent. Thus, Bell fails to state § 1983 claims against the Medical Defendants directly.

To the extent he intends to hold the Medical Defendants liable in their supervisory capacities, Bell fails to plead sufficient facts to set forth a claim premised under this theory. The doctrine of respondeat superior does not apply in § 1983 claims. See Love-Lane v. Martin, 355 F.3d 766, 782 (4th Cir. 2004). Supervisory liability under § 1983 proceeding is "premised on 'a recognition that supervisory indifference or tacit authorization of subordinates' misconduct may be a causative factor in the constitutional injuries they inflict on those committed to their care.'" Baynard v. Malone, 268 F.3d 228, 235 (4th Cir. 2001) (quoting Slakan v. Porter, 737 F.2d 368, 372 (4th Cir. 1984)). To state a claim for supervisory liability, the plaintiff must allege that: (1) "the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like the plaintiff"; (2) "the supervisor's response to the knowledge was so inadequate as to show

deliberate indifference to or tacit authorization of the alleged offensive practices"; and (3) "there was an affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff." Baynard, 268 F.3d at 235 (quoting Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994)).

Here, Bell fails to allege any of these elements. He merely pleads he filed numerous sick call requests about his concerns. He does not detail the contents of his sick call request or to whom he directed the requests. The Court, therefore, concludes that Bell fails to state a § 1983 supervisory liability claim against the Medical Defendants.

In short, Bell fails to state direct or supervisory liability claims under § 1983 against the Medical Defendants. Accordingly, the Court will grant the Medical Defendants' Motion.

### 4. State Law Claims

District courts may decline to exercise supplemental jurisdiction over a state claim if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3) (2018). To the extent Bell raises a claim for negligence or medical malpractice under state law, because the Court will dismiss all federal claims, the Court declines to exercise jurisdiction over any state law claims. The Court will, therefore, dismiss Bell's state law claims without prejudice. He may file them in state court if he so chooses.[8]

---

[8] If Bell intends to pursue medical malpractice claims in state court, the Maryland Health Care Malpractice Claims Act ("HCMCA"), Md. Code Ann., Cts. & Jud.

## CONCLUSION

For these reasons, the Court will grant the DPSCS's Motion to Dismiss (ECF No. 17) and the Medical Defendants' Motion to Dismiss or, in the Alternative, Motion for Summary Judgment (ECF No. 19).  A separate Order follows.

Entered this 27th day of August, 2018.

/s/
_____
George L. Russell, III
United States District Judge

---

Proc. §§ 3-2A-01 et seq. (West 2018), "establishes a state administrative claims procedure relating to malpractice claims."